# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1500 | **DATE** | 3/28/2008 |
| **CASE TITLE** | James vs. Illinois Bell Telephone Company, Inc., et al. | | |

**DOCKET ENTRY TEXT**

On the court's own motion, this case is remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. §§ 1446(c)(4) and 1447©. Defendant's motion for extension of time [6] denied as moot. Civil Case Terminated.

■[ For further details see text below.]                  Docketing to mail notices.

## STATEMENT

Plaintiff Shirelle James ("James") filed a pro se complaint dated January 25, 2008 in the Circuit Court of Cook County against her former employer, Illinois Bell Telephone Company, Inc. ("Illinois Bell"), and the International Brotherhood of Electrical Workers ("IBEW"). Illinois Bell filed a notice of removal in this court on March 13, 2008. Dkt. No. 1.

James's complaint consists of only one short paragraph. She alleges "wrongful termination and discrimination" as a result of the "poor training of [her] manager." The manager allegedly "inflicted unreasonable levels of stress as well as tension on [James's] person, which resulted in anxiety attacks as well as depression." James further alleges that she was "terminated while under the care of [her] doctor."

In its notice of removal, Illinois Bell states that James's claims, "[w]hile somewhat unclear... raise issues under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ('LMRA')," and that James "appears to allege disability discrimination in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ['ADA']." Notice of Removal at ¶¶ 1-2. It concludes that this court therefore has jurisdiction under 28 U.S.C. § 1331.

"A state court civil action may be removed to federal court if the claim arises under federal law. Courts have long recognized, however, that a plaintiff who has both state and federal claims available may avoid federal court by limiting his or her complaint to only state law claims. Under the well-pleaded complaint rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Fedor* v. *Cingular Wireless Corp.*, 355 F.3d 1069, 1071 (7th Cir. 2004) (citing *Beneficial Nat. Bank* v. *Anderson*, 539 U.S. 1, 123 S. Ct. 2058, 2062, 156 L. Ed. 2d 1 (2003)). "Any doubt regarding jurisdiction should be resolved in favor of the states[,] and the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe* v. *Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citing *Jones* v.

**STATEMENT**

*General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976); *Wilson* v. *Republic Iron & Steel Co.*, 257 U.S. 92, 42 S. Ct. 35, 66 L. Ed. 144 (1921)).

Illinois Power has not shown that James's ambiguous claims necessarily arise under the LMRA or the ADA. Pure state law causes of action may be available to her: wrongful termination is an Illinois state law cause of action that does not by itself arise under federal law, *Kyle* v. *Morton High School*, 144 F.3d 448, 450 (7th Cir. 1998), and the Illinois Human Rights Act provides a state law remedy for employment discrimination cases in Illinois. *Meehan* v. *Ill. Power Co.*, 808 N.E.2d 555, 559, 347 Ill. App. 3d 761, 283 Ill. Dec. 589 (Ill. App. Ct. 5th Dist. 2004) (citing the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/8-101 *et seq*.). Therefore, Illinois Power has not fulfilled its burden of establishing that federal jurisdiction exists in this case. In a case very similar to this one where the plaintiff's complaint contained only state law counts for discrimination under the Illinois Human Rights Act and retaliatory discharge, Judge St. Eve held that the defendant had failed to show the presence of a federal question and remanded the case to the Circuit Court of Cook County. *Ting* v. *Chicago Mercantile Exchange*, 2003 WL 22048075, at *1-2 (N.D. Ill. Aug. 28, 2003). This court will do the same. This case is hereby remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447© ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") and 28 U.S.C. § 1446(c)(4) ("The United States district court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").